**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ALI MIRHEIDARI and NAHID ABDOLI YAZDI, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES; ANGELICA ALFONSO-ROYALS, Deputy Director, U.S. Citizenship and Immigration Services, in her official capacity; THE OFFICIAL PRESENTLY HEADING THE NATIONAL BENEFITS CENTER, U.S. Citizenship and Immigration Services, in his or her official capacity; and CARRIE M. SELBY, Associate Director, Service Center Operations Directorate, U.S. Citizenship and Immigration Services, in her official capacity, <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 26-cv-01615 |

**ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND RELIEF
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiffs Ali Mirheidari and Nahid Abdoli Yazdi file this Original Complaint against

Defendants U.S. Citizenship and Immigration Services ("U.S.C.I.S."), Angelica Alfonso-Royals

in her official capacity as Deputy Director of U.S.C.I.S., the official presently heading the

National Benefits Center in his or her official capacity, and Carrie M. Selby in her official

capacity as Associate Director of the Service Center Operations Directorate, U.S.C.I.S., and

allege as follows:

## I. NATURE OF THE ACTION

1. This is a mandamus and Administrative Procedure Act ("APA") action to compel a discrete, legally required agency act: adjudication of a pending Form I-130, Petition for Alien Relative, receipt number IOE0929416760.

2. Plaintiff Ali Mirheidari is a United States citizen. He petitioned for his mother, Plaintiff Nahid Abdoli Yazdi, as an immediate relative under the Immigration and Nationality Act ("INA"). U.S.C.I.S. received the Form I-130 on January 7, 2025.

3. The I-130 receipt notice identifies the National Benefits Center ("NBC") as the U.S.C.I.S. office associated with the pending petition. U.S.C.I.S. has not issued a decision on the I-130.

4. Plaintiffs do not ask this Court to approve the petition, decide the merits of any immigration benefit, terminate removal proceedings, exercise prosecutorial discretion, or adjudicate Form I-485. Plaintiffs seek only an order requiring Defendants to adjudicate the I-130 within a reasonable, court-ordered period.

5. The I-130 has remained pending for approximately seventeen months. During that time, Nahid has been placed in removal proceedings, and the pending I-130 has become central to the practical resolution of her immigration case.

6. U.S.C.I.S. has not issued a Request for Evidence, Notice of Intent to Deny, interview notice, denial, or other case-specific merits decision on Ali's I-130 petition.

7. Instead, in response to congressional inquiries, U.S.C.I.S. first cited background and security checks in general terms and then identified a specific impediment: Policy Memorandum PM-602-0192, an agency-wide adjudicative hold and national-security review for benefit requests involving nationals of designated countries. That hold has since been vacated agency-wide, yet U.S.C.I.S. has still not adjudicated the I-130.

8. A security check may be lawful, but it is not a license for indefinite inaction. U.S.C.I.S. has a nondiscretionary duty to decide the I-130 – not necessarily to approve it, but to adjudicate it within a reasonable time.

9. U.S.C.I.S. is named as the agency responsible for the challenged inaction. The official-capacity Defendants are named because the Mandamus Act authorizes relief against federal officers and employees and because those officials supervise or manage the adjudication chain responsible for the pending NBC-processed I-130.

## II. PARTIES

10. Plaintiff Ali Mirheidari is a United States citizen and resident of Austin, Travis County, Texas. He is Nahid Abdoli Yazdi's son and the petitioner on Form I-130 receipt number IOE0929416760.

11. Plaintiff Nahid Abdoli Yazdi is a native and citizen of Iran. She resides with Ali Mirheidari in Austin, Travis County, Texas. She is the beneficiary of Ali's pending I-130 petition and the applicant on related adjustment-of-status and employment-authorization filings.

12. Defendant U.S. Citizenship and Immigration Services is a component of the United States Department of Homeland Security and an agency within the meaning of the APA. U.S.C.I.S. is responsible for adjudicating family-based immigrant petitions, including Form I-130 petitions filed by United States citizens for immediate relatives. U.S.C.I.S. is sued directly for APA relief under 5 U.S.C. §§ 702 and 706(1).

13. Defendant Angelica Alfonso-Royals is, on information and belief, the Deputy Director of U.S. Citizenship and Immigration Services. She is sued in her official capacity only. Plaintiffs seek no money damages against her. Plaintiffs name her as a U.S.C.I.S. officer with supervisory

- 3 -

authority below the U.S.C.I.S. Director in U.S.C.I.S. operations and in the adjudication chain responsible for the pending I-130.

14. Defendant the Official Presently Heading the National Benefits Center is the U.S.C.I.S. official who presently heads or manages the NBC, the U.S.C.I.S. office associated with the pending I-130. This Defendant is sued in official capacity only. Plaintiffs seek no money damages against this official.

15. Defendant Carrie M. Selby is, on information and belief, the Associate Director of the Service Center Operations Directorate at U.S.C.I.S., the component that supervises service-center operations, including NBC adjudication functions. She is sued in her official capacity only. Plaintiffs seek no money damages against her.

16. The National Benefits Center official-capacity defendant is identified by office or function because that officeholder's public name has not been reliably identified. Under Fed. R. Civ. P. 25(d), successor officials are automatically substituted. If Defendants identify a more precise incumbent officeholder for the NBC, Plaintiffs request leave to amend or substitute.

### III. JURISDICTION AND VENUE

17. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the INA, the APA, and the Mandamus Act.

18. This Court has mandamus jurisdiction under 28 U.S.C. § 1361 because Plaintiffs seek to compel federal officers and employees acting through U.S.C.I.S. to perform a duty owed to them: adjudication of a properly filed Form I-130.

19. The APA waives sovereign immunity for this action under 5 U.S.C. § 702 because Plaintiffs seek relief other than money damages and challenge agency action unlawfully withheld or unreasonably delayed.

20. The Court may compel agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1). The Court may also declare the rights and obligations of the parties under 28 U.S.C. §§ 2201 and 2202.

21. This action does not seek review of a final order of removal, an Immigration Judge's decision, or any discretionary decision committed to agency discretion by law. The requested relief is limited to Defendants' duty to adjudicate the pending I-130.

22. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(e)(1)(C) because Defendants are a federal agency and federal officers sued in official capacity, no real property is involved, and Plaintiffs reside in this District, in Austin, Travis County, Texas.

23. This case is properly filed in the Austin Division because Plaintiffs reside in Travis County, Texas, which lies in the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1).

## IV. LEGAL FRAMEWORK

24. A United States citizen who is at least twenty-one years old may petition for a parent as an immediate relative. 8 U.S.C. § 1151(b)(2)(A)(i). Immediate relatives are not subject to the ordinary family-preference numerical limitations.

25. A citizen petitioner initiates the family-based process by filing Form I-130. 8 C.F.R. § 204.1(a)(1).

26. Congress used mandatory language for the agency's decision on a family petition. "After an investigation of the facts," U.S.C.I.S. "shall" approve the petition if the facts stated in the petition are true and the beneficiary qualifies for the status sought. 8 U.S.C. § 1154(b).

27. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). The APA further authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

28. Section 706(1) relief is available when a plaintiff seeks to compel a discrete agency action that the agency is legally required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). The requested action here – adjudication of a pending I-130 – is discrete and legally required.

29. Mandamus relief is proper when a plaintiff has a clear right to relief, the defendant has a clear duty to act, and no other adequate remedy exists. 28 U.S.C. § 1361.

30. Courts commonly assess unreasonable agency delay under the six-factor framework stated in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 79-80 (D.C. Cir. 1984), considering the rule of reason, any congressional timetable, human health and welfare, competing agency priorities, prejudice to the plaintiffs, and whether relief is warranted even without a finding of agency impropriety.

31. Plaintiffs are not required to wait indefinitely for informal status inquiries or congressional inquiries to produce action. *Darby v. Cisneros*, 509 U.S. 137, 146-47 (1993), limits court-imposed exhaustion requirements where Congress or a valid agency rule does not make exhaustion mandatory.

32. Plaintiffs acknowledge that because Nahid is in removal proceedings, an Immigration Judge has jurisdiction over her adjustment-of-status application. See 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1). Plaintiffs therefore do not seek to compel U.S.C.I.S. to adjudicate Form I-485 in this action. Plaintiffs seek adjudication of the I-130 only.

### V. FACTUAL ALLEGATIONS

33. Nahid lawfully entered the United States on or about September 20, 2024, as a B-2 visitor. Her I-94 reflected an admit-until date of March 19, 2025.

34. On or about January 5, 2025, before expiration of Nahid's B-2 authorized stay, Ali filed a Form I-130 petition for Nahid as his mother. The petition was filed concurrently with Nahid's Form I-485, Form I-765, and Form I-131.

35. U.S.C.I.S. received the I-130 on January 7, 2025, and issued receipt number IOE0929416760. The I-130 receipt notice identifies Ali as the petitioner and Nahid as the beneficiary, with the preference classification "201 B INA Parent of USC."

36. The I-130 receipt notice identifies U.S.C.I.S.'s National Benefits Center in Lee's Summit, Missouri, as the office associated with the I-130. Plaintiffs plead that the petition is being processed through the National Benefits Center unless U.S.C.I.S. later represents otherwise.

37. U.S.C.I.S. received Nahid's Form I-485 on January 7, 2025, and issued receipt number IOE0929416758. The receipt notice identifies the classification as "Immediate Relative of U.S. citizen."

38. U.S.C.I.S. received Nahid's Form I-765 on January 7, 2025, and issued receipt number IOE0929416759 under eligibility category C09.

39. Nahid completed biometrics on or about February 3, 2025, in connection with her pending I-485 and I-765.

40. U.S.C.I.S. approved Nahid's Form I-765 on or about February 5, 2025. Her Employment Authorization Document is valid from February 4, 2025, to February 3, 2030, under category C09.

41. In March 2025, following prior immigration counsel's advice, Nahid filed Form I-539 to extend or change nonimmigrant status. U.S.C.I.S. issued a Request for Evidence, and prior counsel later advised U.S.C.I.S. that Nahid no longer wished to pursue the I-539 because she had filed for adjustment of status through her U.S.-citizen son.

42. On or about September 10, 2025, DHS issued a Notice to Appear placing Nahid in removal proceedings. The Notice to Appear alleges that she remained beyond March 19, 2025, without authorization, notwithstanding the pending adjustment filing and C09 employment authorization.

43. The Notice to Appear initially directed Nahid to appear before the San Antonio Immigration Court on February 5, 2026, at 9:00 a.m. A subsequent master calendar hearing date was set for June 22, 2026.

44. Nahid's removal proceedings remain pending unless and until terminated by the Immigration Court or otherwise resolved.

45. Approval or denial of the I-130 is essential to the progression of Nahid's immigration case. An approved I-130 would provide a critical predicate for further action in removal proceedings and would materially assist Plaintiffs in pursuing the legalization of Nahid's status. A denial would likewise allow Plaintiffs to understand and pursue available remedies.

46. The I-130 has now been pending for approximately seventeen months. Plaintiffs are not aware of any Request for Evidence, Notice of Intent to Deny, interview notice, fraud finding, denial, or case-specific merits explanation concerning the I-130.

47. Plaintiffs have made congressional inquiries seeking agency action or a meaningful status update.

48. On or about December 3, 2025, Congressman Lloyd Doggett relayed interim information received from U.S.C.I.S. concerning Ali's I-130 petition, receipt number IOE0929416760.

49. In that December 3, 2025 response, U.S.C.I.S. gave a general background-and-security-check explanation, stating that some cases require additional inquiries or consultation with other government agencies before adjudication.

50. U.S.C.I.S. also stated that when such additional inquiries or consultation are necessary, there is often delay and it is difficult to predict when resolution will be completed. That response did not identify any case-specific derogatory information, relationship concern, RFE, NOID, interview requirement, or adjudication date.

51. On or about January 26, 2026, Congressman Doggett relayed additional interim information received from U.S.C.I.S. concerning the same I-130 petition, receipt number IOE0929416760.

52. In that January 26, 2026 response, U.S.C.I.S. identified a specific agency-wide impediment: on December 2, 2025, U.S.C.I.S. issued Policy Memorandum PM-602-0192, titled "Hold and Review of all Pending Asylum Applications and all U.S.C.I.S. Benefit Applications Filed by Aliens from High-Risk Countries."

53. U.S.C.I.S. stated that PM-602-0192 directed the agency to place an adjudicative hold on pending benefit requests filed for aliens from countries listed in Presidential Proclamation 10949, regardless of entry date, while a comprehensive national-security review was conducted.

54. Proclamation 10949 identifies twelve countries for full entry restrictions: Afghanistan, Burma, Chad, Republic of the Congo, Equatorial Guinea, Eritrea, Haiti, Iran, Libya, Somalia, Sudan, and Yemen. Proclamation No. 10949, 90 Fed. Reg. 24,497, 24,499-500 (June 10, 2025).

55. U.S.C.I.S. described the hold-and-review process as an agency-wide operational measure, not a case-specific adjudicative determination on Ali's I-130.

56. U.S.C.I.S. recognized that the hold-and-review measures may result in processing delays but did not provide Plaintiffs any case-specific completion date, any estimated date for resolution of the hold, or any adjudication date for Ali's I-130.

57. On June 5, 2026, the United States District Court for the District of Rhode Island issued an order in *Dorcas International Institute of Rhode Island v. United States Citizenship and*

*Immigration Services*, No. 26-cv-00132-JJM-PAS (D.R.I.), vacating PM-602-0192, PM-602-0194, and PA-2025-26. Final judgment was entered on June 11, 2026.

58. On June 12, 2026, U.S.C.I.S. announced that it disagrees with the order but will follow its terms pending possible further judicial review; that, with entry of final judgment, the vacatur is effective immediately and applies agency-wide; and that PM-602-0192, PM-602-0194, and PA-2025-26 should be treated as if they are not in effect. *See* U.S. Citizenship & Immigr. Servs., Court Order on Hold Policies (June 12, 2026).[1]

59. Nahid is a native and citizen of Iran. Plaintiffs allege, on information and belief, that the delay in this I-130 has been extended or caused by U.S.C.I.S.'s agency-wide hold under PM-602-0192 rather than by case-specific evidence undermining the family relationship or Ali's eligibility to petition for his mother.

60. The principal impediment U.S.C.I.S. identified for Ali's I-130 has therefore been vacated agency-wide and must be treated as not in effect. Plaintiffs allege that continued withholding of adjudication based on PM-602-0192, PM-602-0194, PA-2025-26, or the same categorical hold rationale is unlawful and unreasonable.

61. To the extent Defendants contend that case-specific investigation, security checks, or interagency consultation remain incomplete apart from the vacated hold policies, Plaintiffs seek an order requiring Defendants to complete the required adjudicative process within a reasonable time. Plaintiffs do not ask the Court to shortcut lawful security checks or dictate the result; they ask only that Defendants not use unresolved checks, a vacated hold, or successor instructions as an indefinite substitute for adjudication.

---

[1] Available at https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies (accessed June 16, 2026).

62. The delay causes concrete injury to Ali. He filed a petition that Congress authorized him to file, he has a personal and statutory interest in lawful adjudication of that petition, and U.S.C.I.S.'s delay frustrates his ability to stabilize his mother's immigration posture and family life.

63. The delay causes concrete injury to Nahid. She is the named beneficiary of the pending I-130, remains in removal proceedings while the predicate family petition remains undecided, and suffers uncertainty, anxiety, and litigation burdens that could be reduced by a lawful I-130 adjudication.

64. Nahid is a proper co-Plaintiff because she is the named beneficiary of the I-130, is directly affected by the pending family petition, and faces ongoing removal-proceeding consequences while U.S.C.I.S. withholds a decision on the predicate family petition.

65. The harm is not merely economic. The delay affects family unity, immigration-court strategy, DHS prosecutorial-discretion discussions, and the efficient administration of parallel proceedings.

66. Plaintiffs have no adequate administrative remedy to force U.S.C.I.S. or its responsible officers to adjudicate the I-130. Service requests, congressional inquiries, and online case-status checks do not compel agency action and have not produced adjudication.

67. Plaintiffs have performed all actions required of them for U.S.C.I.S. to adjudicate the I-130, including filing the petition, paying the fee, submitting identifying information, and appearing for required biometrics in connection with the related applications.

## VI. ANALYSIS OF *TRAC* FACTORS

68. District courts within this Circuit treat *TRAC*[2] as persuasive in immigration-delay cases while recognizing that the Fifth Circuit has not formally adopted it as binding. *See Ahmed v. Bitter*, 727 F. Supp. 3d 630, 636-40 (S.D. Tex. 2024) (holding that 5 U.S.C. § 555(b) supplies a nondiscretionary reasonable-time duty and applying *TRAC* as a useful framework); *Kayihura v. Garland*, No. 3:24-CV-0367-D, 2024 WL 2868995, at *3-5 (N.D. Tex. June 6, 2024) (holding that nearly four-year asylum delay plausibly stated an APA unreasonable-delay claim); *Kolluri v. U.S. Citizenship & Immigr. Servs.*, No. 3:20-CV-2897-N, slip op. at 9-14 (N.D. Tex. Jan. 17, 2021) (applying *TRAC* to immigration-benefit delay and weighing rule-of-reason, statutory-timetable, prejudice, and queue-jumping concerns); *see also Almadhrhi v. U.S.C.I.S. Tex. Serv. Ctr.*, No. 3:25-CV-1154-D, slip op. at 4-10 (N.D. Tex. Feb. 26, 2026) (denying Rule 12(b)(1) dismissal of APA and mandamus claims seeking I-130 adjudication).

69. The six *TRAC* factors consider whether the agency's delay is governed by a rule of reason, whether Congress supplied a timetable or expected speed, whether human health and welfare are at stake, whether expediting the action would disrupt higher or competing agency priorities, the nature and extent of the interests prejudiced by delay, and whether relief is warranted even without any finding of bad faith or impropriety. *TRAC*, 750 F.2d at 79-80.

70. The first *TRAC* factor favors Plaintiffs because Defendants have not identified a valid case-specific rule of reason for continued delay. U.S.C.I.S. identified PM-602-0192 as the operative agency-wide hold affecting the petition, but that policy has been vacated agency-wide and must be treated as not in effect. Continued inaction after vacatur is not a rule of reason.

---

[2] *Telecomms. Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70, 79-80 (D.C. Cir. 1984).

71. Security review can justify reasonable investigation; it cannot convert a mandatory adjudication process into an open-ended suspension of decision-making, especially after the agency-wide hold U.S.C.I.S. identified as an impediment has been vacated.

72. The second *TRAC* factor favors Plaintiffs. Although Congress did not impose a fixed I-130 adjudication deadline, Congress did provide mandatory adjudication language in 8 U.S.C. § 1154(b) and created immediate-relative classifications exempt from numerical caps.

73. The third *TRAC* factor favors Plaintiffs because human welfare is at stake. Nahid is in removal proceedings, the family relationship at the center of the I-130 is immediate and close, and the delay directly affects family unity and immigration-court strategy.

74. The fourth *TRAC* factor does not defeat relief because Plaintiffs seek only adjudication of one long-pending immediate-relative I-130, not a court-administered reordering of the agency's entire docket. Defendants can adjudicate the petition without the Court dictating any particular result.

75. The fifth *TRAC* factor favors Plaintiffs because the delayed I-130 prejudices Ali's statutory right to petition for his parent and Nahid's ability to present a clear family-based immigration posture in removal proceedings.

76. The sixth *TRAC* factor favors, or at minimum does not disfavor, Plaintiffs because a finding of unreasonable delay does not require bad faith. U.S.C.I.S.'s own congressional-response explanation confirms that this case was delayed by an agency-wide hold, and that hold has now been vacated rather than replaced by a completed individualized decision on the I-130.

## VII. CLAIMS FOR RELIEF

### Count I – Administrative Procedure Act:
### Agency Action Unreasonably Delayed or Unlawfully Withheld
### (Against U.S.C.I.S. and, to the extent necessary, the official-capacity Defendants)

77. Plaintiffs incorporate the preceding paragraphs as though fully set out here.

78. U.S.C.I.S. is legally required to adjudicate a properly filed Form I-130. 8 U.S.C. § 1154(b); 8 C.F.R. § 204.1(a)(1).

79. The pending I-130 is a discrete agency matter presented to U.S.C.I.S. for decision. Plaintiffs seek a decision, not a particular outcome.

80. U.S.C.I.S. and the official-capacity Defendants responsible for the adjudication chain have failed to conclude the I-130 matter within a reasonable time, in violation of 5 U.S.C. § 555(b).

81. U.S.C.I.S. has unlawfully withheld or unreasonably delayed agency action within the meaning of 5 U.S.C. § 706(1).

82. Plaintiffs are adversely affected and aggrieved by Defendants' unreasonable delay because the I-130 remains undecided, removal proceedings remain complicated by the absence of a decision on the I-130 petition, and Plaintiffs cannot obtain a meaningful agency decision or pursue any available post-decision remedies.

83. Plaintiffs are entitled to an order compelling Defendants to adjudicate the I-130 within a reasonable period set by the Court.

**Count II – Mandamus, 28 U.S.C. § 1361**
**(Against Angelica Alfonso-Royals, Carrie M. Selby, and the Official Presently Heading the National Benefits Center)**

84. Plaintiffs incorporate the preceding paragraphs as though fully set out here.

85. Plaintiffs have a clear right to adjudication of the I-130. Ali is the United States citizen petitioner, and Nahid is the beneficiary whose immigration posture is directly affected by the pending petition.

86. The official-capacity Defendants have a clear duty to ensure adjudication of a properly filed I-130 petition within a reasonable time. Plaintiffs do not seek to control the outcome of that adjudication.

87. Plaintiffs have no adequate alternative remedy. Informal inquiries, congressional inquiries, and case-status checks cannot compel U.S.C.I.S. to act and have not produced a decision.

88. A writ of mandamus, or equivalent relief under the Court's authority to compel agency action, is warranted to require the official-capacity Defendants to adjudicate the I-130 within a reasonable period.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court:

   A.  Exercise jurisdiction over this action;

   B.  Declare that Defendants have unreasonably delayed or unlawfully withheld adjudication of Form I-130, receipt number IOE0929416760;

   C.  Issue a writ of mandamus, or equivalent relief under the APA, compelling Defendants to adjudicate Form I-130, receipt number IOE0929416760, within 30 days, or within another reasonable period set by the Court;

   D.  Retain jurisdiction to ensure compliance with the Court's order;

E.  Award Plaintiffs reasonable attorney's fees and costs to the extent authorized by law,

including under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F.  Grant all other relief to which Plaintiffs may be justly entitled.

## IX. NO JURY DEMAND

Plaintiffs seek declaratory, injunctive, and mandamus relief. No jury is demanded.

Dated June 16, 2026.
Respectfully submitted,
/s/ Alexey V. Tarasov
Alexey V. Tarasov, Esq.
Texas Bar No. 24075140
Attorney for Plaintiffs
5211 Reading Road,
Rosenberg, Texas 77471
Tel.: 832-623-6250
Fax: 832-558-3540
E-mail: alexey@tarasovlaw.com